IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
FEB 04 2016
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. DUAINE WESTON BOWDEN, Defendant/Movant. | Cause No. CR 13-008-BLG-DWM<br>CV 15-103-BLG-DWM<br><br>ORDER |

This case comes before the Court on Defendant/Movant Bowden's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Bowden is a federal prisoner proceeding pro se.

Bowden pled guilty to possession of stolen firearms and was sentenced to serve 33 months in federal prison, to be followed by a three-year term of supervised release. Minutes (Doc. 40); Judgment (Doc. 43) at 2-3. In its plea agreement with Bowden, the United States promised to return to the lawful owner several firearms that were not stolen and so not subject to seizure or forfeiture. *See* Plea Agreement (Doc. 25) at 4-5 ¶ 5. Bowden averred that the United States had not complied with its obligations under the agreement. Mot. § 2255 (Doc. 62) at 6-7.

On December 30, 2015, the United States was ordered to show cause why it failed to comply with its promise in the plea agreement. On January 5, 2016, the

1

United States admitted that, far from returning the firearms to Nancy Bowden, Defendant Bowden's mother, it destroyed the firearms instead. It also represented that it had unilaterally decreed an appropriate amount of compensation and tendered that amount to Ms. Bowden. Ms. Bowden rejected the proffered payment as too low.

In light of the United States' dual admissions that it took and destroyed property to which it had no claim and had not provided compensation, *see* U.S. Const. Amend. V, the Court set a hearing date for February 17, 2016. The United States was ordered to show cause why it should not pay Bowden's mother $4,025.00, that is, Bowden's valuation of the firearms. *See* Order (Doc. 66); *see also* Mot. § 2255 Ex. (Doc. 62-1) at 1; Notice Ex. (Doc. 65) at 1.

On February 1, 2016, the United States filed notice showing that it has now paid Ms. Bowden $4,034.30. The United States also represents that Ms. Bowden prefers not to attend the hearing. Notice and Update (Doc. 75) at 2-3. As the purpose of the show-cause hearing has been fulfilled, it will be vacated.

Bowden's § 2255 motion remains pending. He has established that the United States breached the plea agreement. The ordinary remedy for breach of a plea agreement is either specific performance or withdrawal of the guilty plea. *See Santobello v. New York*, 404 U.S. 257, 263 (1971); *Buckley v. Terhune*, 441 F.3d 688, 699 (9th Cir. 2006) (en banc). Specific performance is impossible, because

the firearms no longer exist. As wrong as the United States' destruction of the firearms was, it has been remedied by payment of compensation to Ms. Bowden. That is as close as it is possible to get, under the circumstances, to specific performance.

But, in addition to payment to Ms. Bowden, Bowden seeks another remedy. Notably, he does not seek to withdraw his guilty plea. He asks the Court to alter his federal sentence for possession of stolen firearms so that it runs concurrently with his Wyoming sentences for larceny and sexual exploitation of a minor, rather than consecutive to them as ordered in the Judgment. *See* Mot. § 2255 at 16; *see also* Redacted Judgment (Doc. 43) at 2; Presentence Report ¶¶ 30-31.

For three reasons, altering Bowden's sentence is not an appropriate remedy. First, payment of compensation to Ms. Bowden "repair[s] the harm caused by the breach." *Buckley*, 441 F.3d at 699 (internal quotation marks omitted). Bowden is not entitled to two remedies for one breach.

Second, Bowden received the personal benefits he bargained for in the plea agreement. He contends that "[t]he only consideration Bowden was to receive" from the plea agreement "was the return of weapons to his family." Mot. § 2255 (Doc. 62) at 7. That statement is wrong. In exchange for Bowden's guilty plea, the United States dismissed Count 1 of the Indictment, agreed to seek – and sought and obtained – a three-point reduction in Bowden's offense level under the

3

advisory sentencing guidelines, and waived its right to appeal the sentence. *See* Plea Agreement (Doc. 25) at 2-3 ¶ 3, 8 ¶ 8, 9 ¶ 10(a).

Third, and also contrary to what he claims, Bowden neither received a "maximum sentence" nor "voluntarily agreed to the maximum sentence." Mot. § 2255 at 6, 7, 11. He received a sentence of 33 months, far below the statutory maximum of 120 months. 18 U.S.C. §§ 922(j), 924(a)(2). Thirty-three months was a reasonable sentence. *See* Mem. at 3-4, *United States v. Bowden*, No. 13-30366 (9th Cir. Dec. 3, 2014) (Doc. 59). It was imposed by the Court after careful consideration of all the factors under 18 U.S.C. § 3553(a). The United States' breach of the plea agreement did not render the sentence unreasonable and did not alter any of the factors under § 3553(a). The breach worked no harm upon Bowden's sentence. Therefore, it is not appropriate to "repair" the sentence.

On the other hand, making Bowden's sentence concurrent with the Wyoming sentences would alter the Court's balancing of the factors under § 3553(a). Before sentencing, Bowden was given notice of a potential upward departure. Notice of Intent to Consider Upward Departure (Doc. 39) at 1-2. At sentencing, a departure or variation was found to be unnecessary to make the sentence sufficient, yet not greater than necessary, to achieve the objectives of sentencing, because a consecutive sentence achieved those objectives. In other words, Bowden's sentence was only 33 months *because* it was ordered to be

4

consecutive to the Wyoming sentences. *See* Sentencing Tr. (Doc. 50) at 18:24-22:23, 31:9-36:3.

In sum, Bowden's proposed second remedy for the United States' breach of the plea agreement would only turn the breach into a windfall for Bowden. The breach is remedied, to the extent possible, by payment of compensation to Ms. Bowden. Bowden still possessed stolen firearms, and his consecutive 33-month sentence is still the sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a)(2). The § 2255 motion will be denied.

A certificate of appealability is not warranted. Although Bowden showed the United States breached the plea agreement, the remedy for the breach is compensation to the owner of the firearms, not a new sentence for Bowden. Reasonable jurists would not find a basis to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. The hearing is set for Wednesday, February 17, 2016, at 1:30 p.m., is VACATED.

2. The Order to Show Cause (Doc. 66) is DISCHARGED.

3. Bowden's motion under 28 U.S.C. § 2255 (Doc. 62) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Bowden files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 15-103-BLG-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Bowden.

DATED this 4th day of February, 2016.

Donald W. Molloy
United States District Court