IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
DEC 0 5 2016
Clerk, U.S District Court
District Of Montana
Missoula

| UNITED STATES OF AMERICA, | Cause No. CR 13-008-BLG-DWM |
| | CV 16-114-BLG-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION |
| | AND DENYING CERTIFICATE OF |
| DUAINE WESTON BOWDEN, | APPEALABILITY |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Bowden's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Bowden is a federal prisoner proceeding pro se.

The instant § 2255 motion is Bowden's second. His first was denied on February 4, 2016. *See* Mot. § 2255 (Doc. 62); Order (Doc. 76). A district court lacks jurisdiction to entertain a second § 2255 motion unless and until the Court of Appeals authorizes its filing. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Bowden's first § 2255 motion essentially sought to enforce the plea agreement. By definition, a motion of that nature does not challenge the validity of the conviction or sentence. Consequently, it is appropriate to consider Bowden's claims assuming, for the sake of argument, that the instant motion is more

1

accurately characterized as Bowden's first § 2255 motion.

Even so, Bowden does not prevail. He seeks credit against his federal sentence for time he spent in custody before his federal sentencing was imposed. *See* Mot. § 2255 (Doc. 78) at 4 ¶ 5A, 4a. By statute, a federal sentence begins when it is imposed, and credit for time spent in custody before a federal sentencing date may be awarded only if that time was not applied to any other sentence. 18 U.S.C. § 3585. In addition, Bowden's federal sentence is consecutive to his Wyoming sentences. *See* Judgment (Doc. 41) at 2. He is not entitled to receive credit against either Wyoming sentence concurrently with credit against his federal sentence. Thus, there is no argument to be made that counsel should have sought a downward adjustment under U.S.S.G. § 5G1.3(b). Finally, the Court is not aware of any authority permitting a sentencing court to reconsider a defendant's prison term, on his motion, based on his medical issues or good behavior in prison. *See* 18 U.S.C. § 3582(c).

A certificate of appealability is not warranted. Even if Bowden's § 2255 motion is not a second or successive one, his federal sentence is consecutive to his Wyoming sentences. Reasonable jurists would not find a basis to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Bowden's motion under 28 U.S.C. § 2255 (Docs. 78, 80, 81, 82) is DISMISSED for lack of jurisdiction and, in the alternative, DENIED for lack of merit.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Bowden files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-114-BLG-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Bowden.

DATED this 5th day of December, 2016.

Donald W. Molloy
United States District Court